Eastern District of Kentucky
F I L E D
SEP 2 3 2014
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at COVINGTON

Civil Action No. 13-172-HRW

DAVID MULLIKIN,            PLAINTIFF,

v.            **MEMORANDUM OPINION AND ORDER**

**CAROLYN COLVIN,**
**COMMISSIONER OF SOCIAL SECURITY,**            **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed his current application for disability insurance benefits on August 14, 2009, alleging disability beginning on June2, 2008, due to chronic hepatitis C (Tr. 164). This application was denied initially and on reconsideration. On August 11, 2011, an administrative hearing was conducted by Administrative Law Judge Dwight Wilkerson (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Vanessa Harris, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On September 6, 2011, the ALJ issued his decision finding that Plaintiff was not disabled. Plaintiff was 51 years old at the time of the hearing decision. He has a high school education and past relevant work experience as a stock clerk, hand packager, truck driver and survey clerk.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 22).

The ALJ then determined, at Step 2, that Plaintiff suffers from hepatitis C, depressive disorder, panic disorder, attention deficit hyperactivity disorder and a history of opioid dependence which he found to be "severe" within the meaning of the Regulations (Tr. 22-23).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 23-24).

The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 27) but determined that he has the residual functional capacity ("RFC") to perform light work but can

only have brief contact with others and could perform only routine tasks involving simple, one-to-two step instructions (Tr. 24).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 28). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner.

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 9 and 10] and this matter is ripe for decision.

## II. ANALYSIS

### A.  Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial

evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ afforded greater weight to the opinion of a non-examining physician over that of an examining source; (2) the ALJ erred in assessing Plaintiff's credibility; (3) the ALJ failed to consider Plaintiff's skin disorder and knee pain and (4) the ALJ erred in not considering whether Plaintiff qualified for presumptive disability at Step 3.

### C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ afforded greater weight to the opinion of a non-examining physician over that of an examining source. Specifically, Plaintiff suggests that the opinion of consultative examiner Martin Huecker, M.D. should have been given more weight than that of state agency physician, P. Saranga, M.D.

"In order to determine whether the ALJ acted properly in disagreeing with a medical source, we must first determine the medical source's classification," *Ealy v. Comm'r of Soc. Sec.,* 594 F.3d 504, 514 (6th Cir.2010), as "not all medical sources need be treated equally," *Smith v. Comm'r of Soc. Sec.,* 482 F.3d 873, 875 (6th Cir.2007). The Social Security regulations classify "acceptable medical sources into three types: nonexamining sources, nontreating (but examining) sources, and treating sources." *Id.* at 875. Generally, more weight is given to the medical "opinion of a source who has examined [the claimant] than to the opinion of a source who has not examined [the claimant]." 20 C.F.R. § 404.1527(c)(1); *see also Norris v. Comm'r of Soc.*

*Sec.*, 461 Fed.Appx. 433, 439 (6th Cir.2012) (noting that a nonexamining source's opinion is given less deference than an examining (but not treating) source's opinion, which is given less deference than a treating source). But "[i]n appropriate circumstances, opinions from State agency medical and psychological consultants ... may be entitled to greater weight than the opinions of treating or examining sources." SSR 96–6p, 1996 WL 374180, at *3. One such instance is where the "[s]tate agency medical or psychological consultant's opinion is based on a review of a complete case record that includes a medical report from a specialist in the individual's particular impairment which provides more detailed and comprehensive information than what was available to the individual's treating source." *Id.* "The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight [the ALJ] will give that opinion." 20 C.F.R. § 404.1527(c)(3). Generally, more weight is given to opinions that are "more consistent ... with the record as a whole," *id.* § 404.1527(c)(4), and opinions of "a specialist about medical issues related to his or her area of specialty." *Id.* § 404.1527(c)(5).

In this case, the ALJ found Dr. Huecker's report fell short. He pointed out that Dr. Huecker's opinion conflicted with his own examination report. Dr. Huecker opined Plaintiff could not drive because he could not turn his head (Tr. 329). However, Dr. Huecker found Plaintiff had normal range of motion (NR) throughout his joints, including his cervical spine, which would allow him to turn his head (Tr. 26, 331-32). Dr. Huecker also opined Plaintiff could only stand for 15-to-20 minutes at a time and could only walk for one block (Tr. 329). This conflicts with Dr. Huecker's unremarkable examination of Plaintiff, in which he found Plaintiff's station, gait, and coordination were normal, Plaintiff could get himself on and off the examination table, and Plaintiff

5

had no musculoskeletal or extremity issues (Tr. 25-26, 329). This internal inconsistency detracts from the validity of Dr. Huecker's opinion.

In addition, Dr. Huecker's report is at odds with other evidence in the record. As the ALJ pointed out, notes from an emergency room visit in March 2011 indicate Plaintiff was "ambulatory without difficulty" and "completely ambulatory" (Tr. 25-26, 430-31). Similarly, after an examination in April 2010, emergency room physician Dr. Culyer indicated Plaintiff could "ambulate without difficulty" (Tr. 25, 434). Moreover, an emergency room examination in June 2010 found Plaintiff had full range of motion in all extremities (Tr. 26, 375). Consistency with other evidence is a significant factor in evaluating medical evidence as is the lack thereof.

Conversely, Dr. Saranga's opinion is in line with the above-referenced evidence as well as the evidence which reflects that Plaintiff's impairments do not preclude all work activity. Dr. Saranga opined Plaintiff could occasionally lift up to 50 pounds and frequently lift up to 25 pounds (Tr. 412). Dr. Saranga further opined that in an 8-hour workday, Plaintiff could sit for up to 6 hours and stand or walk for up to 6 hours (Tr. 412).

A review of the decision affirms that the ALJ used the proper standards in evaluating the medical evidence and his decision is supported by substantial evidence.

Plaintiff's second claim of error is that the ALJ erred in assessing Plaintiff's credibility. Upon review of an ALJ's decision, this Court is to accord the ALJ's determinations of credibility great weight and deference as the ALJ has the opportunity of observing a witness' demeanor while testifying. *Walters v. Commissioner of Social Security*, 127 F.3d 525, 528 (6th Cir. 1997). Again, this Court's evaluation is limited to assessing whether the ALJ's conclusions are

supported by substantial evidence on the whole record.

In this case, the ALJ found that Plaintiff's subjective complaints were not credible to the extent they alleged greater limitations than what he included in his RFC assessment. For example, the ALJ noted Plaintiff's allegation that he required crutches or a walker to walk conflicted with medical reports indicating he had no difficulty ambulating (Tr. 25). Substantial evidence supports this reason for discrediting Plaintiff's subjective complaints because as discussed above, there are several medical reports within the record stating Plaintiff had no trouble walking (Tr. 329, 430-31, 434). The ALJ also cited Plaintiff's noncompliance with prescribed treatment as a reason for discrediting his subjective complaints (Tr. 26). Substantial evidence supports this reason because the record reveals Plaintiff did not comply with prescribed treatment for his hepatitis C (Tr. 272), and one would expect that an individual suffering disabling limitations would follow prescribed treatment. Additionally, Plaintiff's allegations that he was fatigued and dizzy due to his hepatitis C (Tr. 24, 44-45) conflicted with the medical reports in the record indicating Plaintiff had no "functional needs" due to his hepatitis C (Tr. 26, 310, 368). Given the contradictions between Plaintiff's statements and the evidence, the Court finds that the ALJ did not err in deeming Plaintiff not credible.

Plaintiff argues the ALJ erred in his credibility assessment because he based it on his lack of mental health treatment despite him informing the ALJ that he did receive mental health treatment, but could not obtain his treatment records. However, the ALJ properly cited Plaintiff's lack of mental health treatment as an additional reason for discrediting his subjective complaints because it is Plaintiff's burden to establish he is disabled. *See* 20 C.F.R. § 404.1512(a) (stating a claimant must produce the evidence necessary to prove he is disabled). Moreover, the ALJ articulated reasons for

discrediting Plaintiff's subjective complaints. As substantial evidence supports these reasons, the finds no error.

Plaintiff's third argument on appeal is that the ALJ failed to consider Plaintiff's skin disorder and knee pain. Plaintiff suggests that these impairments should have been found to be "severe" at Step 2. However, such a finding would not affect the ultimate finding of non-disabled.

Once any one impairment is found to be severe, the ALJ must consider both severe and nonsevere impairments in the subsequent steps. *McGlothin v. Commissioner of Social Security*, 299 Fed. Appx. 516, 522 (6th Cir. 2008). Therefore, because the ALJ found that Plaintiff has some severe impairments, he proceeded to complete steps three through five of the analysis. It then became "legally irrelevant" that her other impairments were determined to be not severe. *Id.*; *See also, Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir.1987). Thus, Plaintiff's claim that the ALJ erred is without merit.

Finally, Plaintiff contends that he qualifies for presumptive disability at Step 3.

The Sixth Circuit Court of Appeals stated in *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999), "the burden of proof lies with the claimant at steps one through four of the [sequential disability benefits analysis]," including proving presumptive disability by meeting or exceeding a Medical Listing at step three. Thus, Plaintiff "bears the burden of proof at Step Three to demonstrate that he has or equals an impairment listed in 20 C.F.R. part 404, subpart P, appendix 1." *Arnold v. Commissioner of Social Security*, 238 F.3d 419, 2000 WL 1909386, *2 (6th Cir. 2000 (Ky)), *citing Burgess v. Secretary of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992). If the Plaintiff "can show an impairment is listed in Appendix 1

("the listings"), or is equal to a listed impairment, the ALJ must find the claimant disabled."

*Buress v. Secretary of Health and Human Services*, 835 F.2d 139, 140 (6th Cir. 1987).

"The listing of impairments 'provides descriptions of disabling conditions and the elements necessary to meet the definition of disabled for each impairment." *Arnold*, at **2, quoting *Maloney v. Commissioner*, 211 F.3d 1269, 2000 WL 420700 (6th Cir. 2000). In order for the Plaintiff "to qualify as disabled under a listed impairment, the claimant must meet all the requirements specified in the Listing." *Id*. This must be done by presenting specific medical findings that satisfy the particular Listing. *Sullivan v. Zebley*, 493 U.S. 521, 530-532, (1990). An impairment that manifests only some of the criteria in a particular Listing, "no matter how severely, does not qualify." *Sullivan*, at 530.

Plaintiff contends that the ALJ did not consider whether Plaintiff met the requirements of Listings 5.00(D) and 8.03. However, Plaintiff Plaintiff has not identified any evidence within the record that shows he could possibly meet or equal listings 5.00(D) and 8.03. The burden is upon him and he has not carried it.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 23rd day of September, 2014.



Signed By:
Henry R. Wilhoit Jr.
United States District Judge